**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| PIERRE D. FISHER, | ) |
| Petitioner, | ) ) ) |
| v. | ) CAUSE NO. 3:06-CV-372-TS |
| JOHN VANNATTA, | ) ) ) |
| Respondent. | ) |

**OPINION AND ORDER**

Petitioner Pierre D. Fisher, a prisoner confined at the Indiana State Prison, submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, dealing with a prison disciplinary hearing. The attachments to the petition establish that on February 27, 2006, a disciplinary board found Mr. Fisher guilty of battery and sentenced him to six months in segregation. The board did not deprive Mr. Fisher of earned credit time or demote him to a lower credit time earning classification.

The Fourteenth Amendment's due process clause provides state prisoners a liberty interest in good time credits, and they cannot be deprived of good time credits without due process. *Wolff v. McDonnell*, 418 U.S. 539 (1974). Because the loss of good time credits increases the duration of a prisoner's confinement, habeas corpus is the appropriate remedy for a prisoner who has been deprived of good time credits or demoted in good time credit earning classification. *Harris v. Duckworth*, 909 F.2d 1057, 1058 (7th Cir. 1990). But the Fourteenth Amendment's due process clause does not provide prisoners due process protections from sanctions that do not effect the duration of their confinement. *Sandin v. Conner*, 515 U.S. 472, 487, (1995) (distinguishing between a prison disciplinary sanction that will inevitably affect the duration of the inmate's sentence and sanctions that do not affect the duration of his sentence). Prisoners may not use 28 U.S.C. § 2254 to challenge prison disciplinary sanctions that do not effect the duration of their confinement.

*Sylvester v. Hanks*, 140 F.3d 713 (7th Cir. 1998).

The petitioner does not assert that he lost earned credit time or was demoted in credit time earning classification, and the documents attached to his petition establish that the sanction imposed on him did not affect his release date. Because Mr. Fisher was only sentenced to disciplinary segregation, he has not suffered a sanction that is actionable under U.S.C. § 2254. Mr. Fisher's request for a writ of habeas corpus must, therefore, be denied on its face under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, which allows for the dismissal of a petition because it plainly appears from the face of the petition that the petitioner is not entitled to relief. *See Dellenbach v. Hanks*, 76 F.3d 820 (7th Cir. 1996).

Accordingly, for the reasons stated in this order, the court **DISMISSES** this petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court.

SO ORDERED on June 27, 2006.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT